J. R. WATKINS COMPANY, RESPONDENT, v. CLIFFORD C. THOMPSON ET AL., DEFENDANTS, ALTE WATKINS, EXECUTRIX, APPELLANT.—93 S. W. (2d) 1100.

Kansas City Court of Appeals. April 6, 1936.

*L. E. Atherton* for respondent.

*Platt Hubbell* for appellant.

SHAIN, P. J.—This is an action by the plaintiff seeking to recover from the defendant as guarantor for a debt of $679.48 owed to plaintiff by reason of credit extended to Clifford C. Thompson for goods sold to the said Thompson by plaintiff.

The plaintiff, a corporation of the State of Delaware, is designated as a wholesale merchant that sells products to traveling merchants or vendee of its goods. It appears that prior to February 25, 1931, the said Thompson had been a vendor of plaintiff's goods and had gotten into debt in the full amount involved herein prior to that date.

There is shown in evidence an instrument of writing executed and signed by plaintiff by its assistant treasurer. This instrument consists of ten clauses and is somewhat restrictive of Thompson's right to purchase goods from the plaintiff. These restrictions are frequently subject to waiver by the plaintiff without notice to sureties.

Paragraphs one and two of this instrument are as follows:

"1. That in consideration of the promise and Agreements of the Purchaser hereinafter contained, to be kept and performed by him, the Company agrees, unless prevented by fire, strikes, or other cause, to sell and deliver to the Purchaser, at its current wholesale prices, free on board cars at Winona, Minnesota, or at its option, at any of its other regular places of shipment, such goods and other articles manufactured or sold by it, as the Purchaser may reasonable require for sale, from the date hereof, until the first day of June, 1932, in the locality in which he is now engaged, or intends to engage, in business, a description of which locality he agrees to furnish and deliver to the Company in writing prior to its acceptance of this agreement; but the furnishing of such description may be waived by the Company at its election, without notice to the Purchaser or the sureties hereon.

"2. And in consideration thereof, the Purchaser agrees to buy from the Company the goods reasonably required by him as aforesaid; and agrees to furnish it to complete, regular, weekly, written reports, showing separately the amounts of his cash sales, time sales, and collections; which reports however, or any of them, may be waived by the Company without notice to the sureties hereon, and he also

484

agrees to furnish a complete financial statement when requested to do so."

When the document is read as a whole, we conclude that the same is peculiarly adapted to the plaintiff's method of doing business in this State. The document so restricts the purchaser as to his territory, as to his right to purchase, and as to the general method of business as to constitute a condition wherein the plaintiff retains the powers of a master over its "Purchaser" without, as interpreted by the plaintiff, making the purchaser and vendor of its products its agent.

The above referred to document is executed by the assistant treasurer of the plaintiff corporation. Directly under the signature of the assistant treasurer, the following appears: "Purchaser sign here In Ink Clifford Cabe Thompson, Full name, not initials." Directly following the above, the following paragraph appears:

"In consideration of the execution of the foregoing Agreement by The J. R. Watkins Company, which we have read, or heard read, and hereby agree and assent to, and its promise to sell, and the sale and delivery by it, to the Purchaser, as vendee, of goods and other articles, and the extension of the time of payment of the indebtedness due from him to said Company as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this Agreement, notice of default or nonpayment and waive action required, upon notice, by any statute against the Purchaser; and we jointly, severally and unconditionally promise, agree and guarantee to pay said indebtedness, the amount of which is now written in said Agreement, or if not written therein, we hereby authorize the amount of said indebtedness to be written therein; and we jointly, severally and unconditionally promise to pay for said goods and other articles, and the prepaid transportation charges thereon, at the time and place, and in the manner in said Agreement provided. And we further severally agree that, in case of the death of one or more of us, the undersigned sureties, before the expiration or termination of this Agreement, the liability of the surviving surety, or sureties, shall continue until notice of the death of the deceased surety, or sureties, is given to the Company, at Winona, Minnesota, by registered mail."

The name of John T. Watkins appears as signing as surety. There was an acknowledged and expressed indebtedness of $679.48 when John T. Watkins signed.

The purchasing vendee and John T. Watkins and one John C. Lomax, another surety, are the named defendants in the suit filed by plaintiff seeking to recover the indebtedness.

The defendants John T. Watkins and John C. Lomax filed separate answers.

For the reason that questions of pleadings are raised as to the John T. Watkins' answer, we include said answer herein as follows:

"Now comes Defendant John T. Watkins and for his Separate Answer to the Petition of the Plaintiff, states the following facts:

"At all times herein mentioned Clifford C. Thompson mentioned in the Petition of the Plaintiff, was the agent of the Plaintiff, and was acting for the Plaintiff with reference to the matters herein mentioned.

"At all times herein mentioned, the Defendant John T. Watkins has been and now is, an aged, infirm man, and defective in his eyesight, and not able to read the paper-writing on which this action is based. The Defendant Clifford C. Thompson, the agent of the Plaintiff, had induced the Defendant John T. Watkins to repose confidence in him the said Clifford C. Thompson and to believe that said Clifford C. Thompson is an honest man.

"Plaintiff's agent, Clifford C. Thompson watched for an opportunity to find the Defendant John T. Watkins alone and with no one else near him. Finding the Defendant John T. Watkins alone, the said Clifford C. Thompson went to the home of the Defendant John T. Watkins and represented to the Defendant John T. Watkins that the paper-writing on which this action is based is a letter of recommendation reciting that said Clifford C. Thompson is an efficient, capable and trustworthy salesman and that his services as salesman in Sullivan County, Missouri, had been satisfactory to the customers of the Plaintiff J. R. Watkins Company.

"Said Clifford C. Thompson represented to the Defendant John T. Watkins that a change or addition was being made in his territory, and that he needed to renew his contract with the Plaintiff corporation, thus bringing about the necessity for a letter of recommendation from the customers of the Plaintiff.

"Defendant John T. Watkins signed said paper-writing in the belief that it is a letter of recommendation only, and, relying on said representations of said Clifford C. Thompson, and without any knowledge that said paper-writing is an obligation to pay money as a surety for said Clifford C. Thompson and without any knowledge that said paper-writing is anything other than a letter of recommendation as previously mentioned.

"Further answering, the Defendant John T. Watkins alleges that, in legal effect, he did not sign and deliver the paper-writing on which this action is based, to anyone."

A trial was had before a jury and resulted in two verdicts, one for plaintiff as against Thompson and Lomax; the other verdict being as follows: "We the jury, find for the Defendant John T. Watkins.

"(Signed)   Lee C. BALDRIDGE,
"Foreman."

486

The plaintiff in due time filed a motion for new trial as to the verdict for defendant John T. Watkins. The court assigning as the only reason for his act, that he had committed error in the giving of instruction two, granted a new trial as to defendant Watkins.

From this action of the trial court, defendant Watkins has duly appealed. Thereafter defendant Watkins died. In due course the name Alte Watkins, executrix, was substituted as appellant.

## OPINION.

As the action of the trial court in granting a new trial is based alone on the court's conclusion that instruction two given on behalf of defendant John T. Watkins is in error, it becomes our duty to examine the evidence in its most favorable light to John T. Watkins and if it be concluded that said instruction is not in error, then the judgment granting a new trial for the reason stated should be reversed.

The plaintiff below, respondent herein, urges two reasons for its contention that the instruction is in error. In the first place, it is urged that the answer of defendant Watkins is solely a defense based on fraud in the inducement to Watkins to sign, which fraud it is claimed according to the pleading attaches to the Watkins corporation solely upon the ground of Thompson, the purchasing vendee, being alleged as agent of the Watkins corporation.

The second contention is upon the claim that the instruction is in error in that the issue of estoppel, as set out in the Watkins' corporation reply, is not included.

As to the first contention, the instruction does not attempt to present an issue based upon the representations of Thompson as the agent of the Watkins corporation. In other words, the instruction does not present an issue of fraud in the inducement. No attempt is made to bind the Watkins corporation by reason of any inducement offered by the purchaser Thompson as based upon any agency or any asserted power of Thompson to bind the company.

Instruction number two does submit an issue to the jury based solely upon *fraud in the factum*. Instruction number two follows very closely the allegations of the separate answer of defendant John T. Watkins, as the same appears fully set out above, when you eliminate therefrom all allegations of Thompson's agency. The answer clearly plead fraud in the *factum*. In so far as such a plea is concerned, all allegations of agency can be eliminated or treated as surplusage.

In a case before this court, The Kalamazoo National Bank v. Clark, 52 Mo. App. 593, there is quoted from Daniel on Negotiable Instruments, section 847, as follows:

"The fifth class of cases is that in which some natural infirmity or defect of education has been imposed upon, that the party deceived

into signing a note, under the impression that it was for a different amount, or was a contract of a different character. Thus, if a note was fraudulently or falsely read to a blind man, and he were to sign it believing it to have been correctly read, or if a party were unable to read and signed a note after due inquiry and precaution, under the assurance that it was an agreement of a different kind, we should have a new element entering into the consideration of liability. In such cases the want of faculties to detect the fraud shields the party from its consequences. He has created no agency or trust. He has not intentionally or knowingly given appearance of validity to the instrument. It cannot be said that he has acted negligently because his infirmities prevented that diligence which men of ordinary faculties and education possess.''

The broad statement of the doctrine as stated in ''Daniel'' is not universally accepted. The doctrine of fraud in the *factum* is recognized in Missouri with limitations that are expressed in the opinion, supra, as follows:

''But, by reference to the adjudged cases, it will be seen that this rule is probably not as broad as stated by Mr. Daniel. It has been, in effect, ruled in a number of cases that, when a person of this class has been misled and imposed upon by a stranger, to whom he has delivered a note, and by his own negligence or careless indifference contributes to the imposition, or if, by the exercise of prudent diligence or regard for his own rights, he might have protected himself, he should suffer rather than the innocent holder of his paper, carelessly issued by him.''

It will be observed that the issue rests upon the question of fact as to diligence.

We conclude that under the law of the State of Missouri if one, by fraud and misrepresentation, is induced to sign one instrument under the belief that he has signed another instrument of different import and does not knowingly or intentionally give the appearance of validity thereto, such a signer is not obligated thereon if he exercised prudent diligence within his ability to so do. An instrument, to which the signing of same was so procured and induced, is no more the act of the one so signing than if his name had been forged to the same. [Gate City National Bank v. Bunton, 296 S. W. 375, 316 Mo. 1338.]

As to the question of estoppel, there is no evidence in the case at bar to support such a plea, if it be determined that the evidence supports the plea of fraud in the *factum*. The question rests upon a determination of an issue of fact as to diligence.

As to the issue of fact on the question of fraud in the *factum*, the evidence discloses that the defendant Watkins was a man eighty-five years of age with a senile cataract that affected both of his eyes about the same. He is shown to have been afflicted with hardening of the

arteries, some heart disease, a great deal of trouble with the prostate gland and was also afflicted with kidney trouble.

There is evidence from which it can be concluded that this aged and decrepit man, sorely afflicted and unable to read any common print, was approached in the home of his daughter-in-law, who was caring for him in his old age, and in her absence and with no friend or relative near to protect him, he was induced to sign a document represented to him to be a letter of commendation of Thompson to the Watkins company to continue to sell Watkins products.

His evidence is to the effect that he told Thompson that he could not sign it and that he could not read, but was induced to sign the document upon the statement by Thompson that it was merely a recommendation as aforesaid.

Stronger evidence of fraud in the *factum* cannot well be imagined.

Instruction number two closed in the following language:

"And if the jury further believe from the evidence that the Defendant John T. Watkins signed said paper-writing in the belief that it is a letter of recommendation only, and, relying on such representations of said Clifford C. Thompson; and, if the jury further believe from the evidence that the Defendant John T. Watkins exercised ordinary care in what he did with reference to said paper-writing; and, if the jury further believe from the evidence that the defendant John T. Watkins had no knowledge that said paper-writing is an obligation to pay money as a surety for said Clifford C. Thompson, then, the Plaintiff is not entitled to recover and the verdict of the jury must be for the Defendant John T. Watkins."

The record throughout in this case is an exemplification of how far some creditors will go to secure the payment of bad debts created by their own neglect, by some innocent person who reaps not from the profits of the creditor's business.

The full debt sued for in this case was past due when defendant Watkins signed his name. Thompson, though duly summoned as a party to the suit, is not called upon to refute the testimony concerning the securing of the signature of John T. Watkins. It would appear from the record that the business relations between Thompson and the company were somewhat speedily terminated after the name of defendant Watkins was secured to the document sued upon.

We conclude that there was ample evidence to justify the court giving instruction two complained of and, in the face of uncontradicted evidence of fraud in the *factum*, we conclude that the including of the question of diligence of John T. Watkins met every requirement of the law and that it was not error under the facts and circumstances proved to omit the issue of estoppel.

Judgment sustaining motion for new trial is reversed and cause is remanded with instructions to the trial court to enter up judgment

for John T. Watkins in accordance with the verdict of the jury. All concur.