THE J. R. WATKINS COMPANY, a Corporation, Appellant, v. ED J. OLDFIELD, O. P. CUSHMAN, and LOLA M. CUSHMAN.—No. 38521. —174 S. W. (2d) 142.

Division Two, October 4, 1943.

. *J. L. Bess* for appellant.

*Green & Green* for respondents.

██ WESTHUES, C.—Plaintiff corporation filed this suit to recover $675.54 from respondents O. P. Cushman and Lola M. Cushman on a surety contract. A trial resulted in a verdict for the defendants and plaintiff appealed. The Springfield Court of Appeals, to which court the case was sent, reversed the judgment and ordered the trial court to enter a judgment for plaintiff. The court deeming its ruling to be in conflict with a ruling made by the Kansas City Court of Appeals in the case of Watkins Co. v. Thompson, 230 Mo. App. 482, 93 S. W. (2d) 1100, certified the case to this court for determination.

The facts briefly stated, as revealed by the record, are: The defendant, E. J. Oldfield, desired to sell at retail merchandise to be purchased from plaintiff corporation located in Winona, Minnesota. He went to defendants O. P. Cushman and Lola M. Cushman, who were husband and wife, to have them sign an agreement guaranteeing to plaintiff company payment for [143] goods to be purchased by him between the dates of December 29, 1936, and April 1, 1938. The Cushmans signed the contract of guaranty and thereafter the company sold and delivered to Oldfield merchandise totaling $1411.71. Oldfield failed to pay $675.54. This suit was then filed against the Cushmans to collect on the guaranty contract. The court of appeals found, and correctly so, that the Cushmans were not liable for merchandise sold after April 1, 1938, which amounted to $20.76.

██ The defense as interposed was that the signatures to the guaranty contract were obtained by fraud. O. B. Cushman testified that Oldfield informed Mrs. Cushman and himself that the paper writing was nothing more than a recommendation to the company; that Oldfield was in a hurry; that his, Cushman's eyesight was bad; that it was a cloudy day and he could hardly read the fine print so signed on the strength of what Oldfield had told him. After the Cushmans had signed the contract, and before any merchandise was sold to Oldfield, they received a letter from plaintiff corporation advising them that they had been accepted as guarantors for the payment of goods to be sold to Oldfield. Respondent Lola M. Cushman testified that when they received the letter, "That was the first I knew that I had signed the bond. I did not know what to do, I let matter drift along until sued." The court of appeals was correct in ruling that under the pleadings and evidence the trial court should have directed a verdict for plaintiff. Both respondents were able to read and write and to understand the nature of the contract they had signed. Even if Mr. Cushman's eyesight was poor his wife was present and could easily have read the paper they were asked to sign. In addition to that plaintiff notified them before parting with any of its property that they had signed a contract of guaranty for Oldfield. In the circumstances the defense of fraud was not available to respondents.

We are not prepared to say, however, that the ruling of the Springfield Court of Appeals is in conflict with that of the Kansas City Court of Appeals in Watkins Co. v. Thompson, supra. As we view the two cases the facts and circumstances are not similar. The Watkins Company was plaintiff in both cases. The contracts of guaranty were similar, but there the similarity ceases. In the Thompson case Thompson had been selling Watkins products in his territory for some time. He owed the company $679.48 at the time he went to one John T. Watkins (coincidently the name is the same as that of plaintiff) and had him sign a contract of surety. Note what the court said at the bottom of page 1104, 93 S. W. (2d):

"The full debt sued for in this case was past due when defendant Watkins signed his name. Thompson, though duly summoned as a party to the suit, is not called upon to refute the testimony concerning the securing of the signature of John T. Watkins. It would appear from the record that the business relations between Thompson and the company were somewhat speedily terminated after the name of defendant Watkins was secured to the document sued upon."

As to the circumstances surrounding the parties when Watkins signed the paper the court said:

"As to the issue of fact on the question of fraud in the factum, the evidence discloses that the defendant Watkins was a man 85 years of age with a senile cataract that affected both of his eyes about the same. He is shown to have been afflicted with hardening of the arteries, some heart disease, a great deal of trouble with the prostate gland, and was also afflicted with kidney trouble.

"There is evidence from which it can be concluded that this aged and decrepit man, sorely afflicted and unable to read any common print, was approached in the home of his daughter-in-law, who was caring for him in his old age, and in her absence and with no friend or relative near to protect him, he was induced to sign a document represented to him to be a letter of commendation of Thompson to the Watkins Company to continue to sell Watkins products."

The court held that in those circumstances the evidence justified a finding that the defendant Watkins exercised prudent diligence within his ability to so do and therefore the question of fraud was properly submitted to a jury, citing as authority Gate City Nat. Bank v. Bunton, 316 Mo. 1338, 296 S. W. 375. We think the above sufficiently demonstrates that the facts and circumstances surrounding the signing of the guaranty contract in the case before us were entirely different from those in the Thompson case decided by the Kansas City Court of Appeals. We conclude, therefore, [144] that no conflict exists. A more detailed statement of the facts may be found in the opinions of the courts of appeals.

The judgment of the trial court is reversed and the cause remanded to that court with directions to enter judgment for plaintiff for the

balance due plaintiff for merchandise sold to the defendant Oldfield between December 29, 1936, and April 1, 1938, with interest from the date of the filing of plaintiff's petition. It is so ordered. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.